IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

THROUGH THE DOOR, INC.,

        Plaintiff,

   v.                                  MEMORANDUM AND ORDER
                                             06-C-540-S

J.C. PENNY COMPANY, INC.
J.C. PENNY CORPORATION, INC.
and JCP Media, L.P.,

        Defendants.

---

    Plaintiff Through the Door, Inc. commenced this copyright infringement action alleging that defendants J.C. Penny Company, Inc., J.C. Penny Corporation, Inc. and JCP Media, L.P. infringed its copyrights by copying materials from plaintiff's catalogs and using them in their own competing publications.  In addition, plaintiff alleges a Lanham Act claim as well as state law claims for unfair competition, unfair trade practices, misappropriation and unjust enrichment.  The matter is presently before the Court on defendants' motion to dismiss all but the copyright claims on the basis that these claims are preempted by federal copyright law and for otherwise failing to state a claim.  The following is a summary of the allegations of the complaint.

FACTS

    Plaintiff is in the business of mail order and electronic sales of general household merchandise.  It produces periodic

catalogs which display its products and has obtained United States copyright registration on its catalogs.  The catalog's design and appearance is inherently distinctive and nonfunctional  and is recognized by plaintiff's purchasers and potential purchasers as a designation of origin.

Defendants have copied portions of plaintiff's catalogs and created derivative works from them which they distribute to the public in competition with plaintiff.  Defendants' catalogs were intentionally prepared to have the same overall design and appearance as plaintiff's catalogs, imitating the themes, presentations, product mix, trade dress and trade identity. Defendants' similarly designed catalogs are likely to cause confusion among purchasers as to the origin of defendants' products.

MEMORANDUM

Defendants contend that all plaintiff's state law claims (as well as the Lanham Act claim) are equivalent to the copyright claims and therefore preempted by 17 U.S.C. § 301.  Additionally, defendants contend that these claims fail to satisfy basic pleading requirements.  Plaintiff maintains that none of the claims are preempted because each claim includes elements in addition to those required for copyright infringement and that its complaint complies with federal pleading requirements.

A claim should be dismissed pursuant to Rule 12(b)(6) claim only if it appears beyond a reasonable doubt that the plaintiffs can prove no set of facts in support of the claim which would entitle the plaintiffs to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In order to survive a challenge under Rule 12(b)(6) a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F. 2d 1101, 1106 (7th Cir. 1984).

Preemption of the Lanham Act Claim

Federal claims are not expressly preempted by the Copyright Act, 17 U.S.C. § 301(d), which applies only to preempt state claims. Nevertheless, courts have held that no Lanham Act claim is stated by merely alleging that unlawful use of copyrighted material is a false designation of origin of the copyrighted work itself. Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 34 (2003). See slso Lipton v. Nature Co., 71 F.3d 464, 472 (2d Cir. 1995)(rejecting attempt to "convert all copyright claims into Lanham Act violations.").

Plaintiff's Lanham Act claim, however, does not fall into this category because it is not based on defendants passing off the copyrighted work as their own, but rather on the use of the copyrighted material as trade dress to falsely represent that the general merchandise it sells originates with plaintiff. Such a

3

claim is distinct from the copyright infringement claim and states a viable Lanham Act claim.  A leading copyright treatise explains the distinction in the context of a discussion of similar state law unfair competition claims:

> If A claims that B is selling B's products and representing to the public that they are A's, that is passing off.  If, by contrast, B is selling B's products and representing to the public that they are B's, that is not passing off.  A claim that the latter conduct is actionable because B's product replicates A's, even if denominated "passing off," is in fact a disguised copyright infringement claim, and hence preempted.

<u>Nimmer on Copyright</u>, § 1.01[B][1][e].  Accordingly, plaintiff's claim that defendants are wrongfully using its trade dress in a way that will confuse purchasers concerning the origin of non-copyrighted merchandise or services is entirely distinct from the copyright claim and an appropriate Lanham Act claim.

<u>Preemption of State Law Claims by the Copyright Act</u>

Pursuant to 17 U.S.C. § 301(a) federal copyright law preempts state law claims which are equivalent to federal copyright claims. State claims are preempted if two requirements are met: (1) the work in which the right is asserted is fixed in a tangible form within the subject matter of copyright and; (2) the right under state law is equivalent to one of the rights in 17 U.S.C. § 106. <u>Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n</u>, 805 F.2d 663, 674 (7th Cir. 1986).

4

There is no question that the works asserted, plaintiff's catalogs, are within the subject matter of copyright. Preemption exists even if the claimed work lacks sufficient creativity to be copyrightable. <u>Id.</u> at 676, n. 23. Accordingly, the sole issue is whether, as to each of the state law claims in plaintiff's complaint, the claim is "equivalent" to a claim pursuant to 17 U.S.C. § 106. Section 106 precludes the reproduction or distribution of, or preparation of derivative works from copyrighted material. Accordingly, a right is "equivalent" if it is infringed by the mere act of reproduction or distribution or the preparation of a derivative work, or if it requires additional elements, but those elements do not differ in kind from those necessary for copyright infringement. <u>Id.</u> at 678, n. 26. Each state law claim must be measured against this standard.

**Unfair Competition.** Plaintiff's unfair competition claim survives a preemption challenge for the same reason that the Lanham Act claim survives. A claim that customers will be confused concerning the origins of defendants' merchandise and services based on trade dress similarity is not encompassed by or equivalent to a copyright claim. Such a claim includes elements which are fundamentally different from copyright.

**Misappropriation.** Plaintiff's misappropriation claim, as alleged in the amended complaint, is indistinguishable from the copyright claim and therefore preempted. The allegations are that plaintiff invested time and money creating the copyrighted catalogs

5

which were misappropriated by defendants.  This claim is based on nothing more than improper copying and reuse of the catalogs, precisely the same as the copyright claims.  Although misappropriation under Wisconsin law includes additional elements that the parties be in competition with one another and that there is commercial damage to plaintiff, these elements add nothing of substance to the elements of the copyright claim.

**Unjust Enrichment.**  Similarly, there is no meaningful distinction between an unjust enrichment claim which asserts that defendants received an improper benefit by using the copyrighted work and the copyright claim based on the same unauthorized use.  The mere act of reproducing the copyrighted work and using it in the derivative catalog states the claim for unjust enrichment and is accordingly preempted by § 301.

**Unfair Trade Practices.**  The allegations of the amended complaint and plaintiff's response to this motion are devoid of substance and do not suggest that there is any distinction between the copyright claim and the unfair trade practices claim.  The essence of plaintiff's argument is that "numerous scenarios based on the content of Penny's catalogs are within the scope of the pleadings as unfair trade practices over and above copyright infringement."  Plaintiff makes no suggestion what these "numerous scenarios" might be or what additional elements they might include.  From all that appears in the complaint the claims are identical.

Insufficient Allegations of Secondary Meaning

Defendant challenges the sufficiency of the allegations of most of plaintiff's non-copyright claims. Because the Court has dismissed several as preempted it addresses only the challenge to the Lanham Act and unfair competition claims. As to these claims defendants argue that there is a failure to adequately allege that plaintiff's catalog trade dress has acquired secondary meaning. Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 211 (2000). Plaintiff alleges that the overall design of its catalogs is non-functional and that it "is recognized by purchasers and prospective purchasers as a designation of origin." This phrase is sufficient to satisfy the liberal pleading requirements of Rule 8. It constitutes at least an allegation which permits the inference of secondary meaning and so is sufficient to survive a motion to dismiss.

ORDER

IT IS ORDERED that defendants' motion to dismiss is GRANTED as to claims VII, VIII and IX of the second amended complaint and is in all other respects DENIED.

Entered this 28th day of March, 2007.

BY THE COURT:
S/

JOHN C. SHABAZ
District Judge